UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ROBERT ADAMS, III,**

        **Plaintiff,**

v.                                                                 9:15-CV-913 (BKS/DJS)

**NANCY SMITH, et al.,**

        **Defendants.**
_____

**APPEARANCES:**

Robert Adams, III
07-B-1611
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004
Plaintiff, pro se

Keith J. Starlin, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.   INTRODUCTION

Plaintiff pro se Robert Adams, III brought this action under 42 U.S.C. § 1983 alleging that Defendants Vijay Kumar Mandalaywala, M.D. and Nurse Administrator Nancy Smith were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, while he was confined at Upstate Correctional Facility. (Dkt. Nos. 1, 73). On June 9, 2017,

Defendants filed a motion for summary judgment. (Dkt. No. 115). Plaintiff opposed the motion (Dkt. Nos. 124, 125). On December 5, 2017, United States Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order ("R & R") recommending that the Court grant Defendants' motion for summary judgment and dismiss this action. (Dkt. No. 134). After thoroughly reviewing the facts and the law, Magistrate Judge Stewart found that even if Plaintiff satisfied the first prong of the deliberate indifference analysis by showing that his medical need was sufficiently serious, he failed to present evidence showing that Defendants acted with a sufficiently culpable statement mind. (Dkt. No. 134). Specifically, Magistrate Judge Stewart noted that "[a] disagreement about the proper course of treatment is insufficient to establish a deliberate indifference claim."[1] (Dkt. No. 134, at 13). Magistrate Judge Stewart informed the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections and that the failure to object would preclude appellate review. (Dkt. No. 134, at 14). Plaintiff filed objections to the R & R on December 21, 2018. (Dkt. No. 138).

## II.  BACKGROUND

The Court presumes the parties' familiarity with Plaintiff's factual allegations which are thoroughly set forth in the R & R. (Dkt. No. 134, at 2–9). Plaintiff's deliberate indifference claim arises from his confinement at Upstate from February 1, 2013 to April 25, 2013.

Plaintiff claims that on or about January 2013, while he was confined at Sing Sing Correctional Facility, he began suffering severe back pain following an assault. (Dkt. No. 124-2, at 1). X-rays revealed "involuntary muscle spasms and a straightened lordosis." (*Id.*). On January 25, 2013, a nurse at Sing Sing advised Plaintiff that he would be referred to physical

---

[1] As Magistrate Judge Stewart decided the motion for summary judgment on the merits, he did not address Plaintiff's alleged failure to exhaust his administrative remedies or whether Defendants were personally involved in the alleged deprivation. (Dkt. No. 134, at 9–10).

2

therapy and receive a thirty-day prescription for Baclofen, a muscle relaxant. (*Id*. at 3). Plaintiff received Baclofen twice a day from January 25, 2013 through January 30, 2013. (*Id*.).

On January 31, 2013, prior to his transfer to Upstate, a facility nurse completed a "Medication Administration Form" indicating that Plaintiff had received Baclofen at 8:00 a.m. that day and that Baclofen had been ordered on January 25, 2013 "thru" February 23, 2013. (Dkt. No. 124-2, at 4; Dkt. No. 124-4, at 17). Plaintiff contends this form is used "to apprise a transferred inmate's receiving facility, of his/her prescription medication" and that the nurse who completed it placed it in his Ambulatory Health Record, which went with him to Upstate. (Dkt. No. 124-2, at 5).

On February 1, 2013, Plaintiff arrived at Upstate, where a nurse "medically screened him." (Dkt. No. 124-2, at 6). Plaintiff reported "his diagnosed conditions (spasms)" and that he had been prescribed Baclofen and was to receive physical therapy. (*Id*. at 6). Plaintiff claims that when he asked the nurse making medication rounds that night for his medication because he was in "extreme physical pain, suffering from muscle spasms," the nurse replied that he had no medications for Plaintiff and advised him to sign up for sick call. (Dkt. No.73, ¶ 24).

On February 6, 2013, Dr. Mandalaywala, whom Plaintiff contends was his primary care physician at Upstate, conducted an initial review of Plaintiff's medical records. (Dkt. No. 115, 9, ¶ 8). The parties dispute whether the medical records Dr. Mandalaywala reviewed that day included any indication that Plaintiff had been prescribed Baclofen. (*Id*., at ¶¶ 22 and 24; Dkt. No. 138, at 8–9; Dkt. No. 124-4, at 17). In his declaration, Dr. Mandalaywala states that he "decided the best course of treatment for plaintiff at that time, in regard to his reported back symptoms, was for him to continue activity," mitigate pain with "a non-prescription pain reliever" (Tylenol), and attend physical therapy. (Dkt. No. 115-9, ¶ 22).

Plaintiff continued to complain, via sick call, to nurses he spoke with at the facility, and in a February 11, 2013 letter to the nurse administrator, Nurse Administrator Smith, of his extreme physical pain and muscle spasms, that he needed Baclofen, and that the non-prescription pain relievers that he had been given at the facility were "ineffective." (Dkt. No. 124-2, at 6–8; Dkt. No. 115-12, ¶ 26). Nurse Administrator Smith responded the next day that Plaintiff "need[ed] to sign up for sick call" and that Baclofen was "approved for short course only" and noted that he was scheduled for physical therapy and had "access to pain medication daily on sick call." (Dkt. No. 115-13, at 3).

On February 24, 2013, Plaintiff "engaged Defendant Smith in a conversation regarding the systematic deprivation of his prescription pain medication," told her that he was in constant pain, and requested a tube of muscle cream. (Dkt. No. 124-2, at 12). Nurse Administrator Smith denied his request for muscle cream and told him: "This is the Box, not a massage parlor; I'm not here to 'cater' to you. If you are in pain, sign up for sick call; I'm not giving you any relaxants; you don't need it." (*Id*.). In response to Plaintiff's complaints of pain, Defendant Smith said: "if you keep crying like a girl, I'll give you some ESTROGEN; you should've thought about your pain, before you did what you did, to come to the Box." (*Id*.).

Despite multiple sick call visits, complaints of pain, spasms, and leg numbness, Plaintiff received only non-prescription pain medication and physical therapy during the entirely of his time at Upstate (February 1, 2013 to April 25, 2013).

### III.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and

recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## IV. DISCUSSION

### A. Procedural and Factual Objections

Plaintiff contends that his response to Defendants' statement of material facts, while imperfect, nonetheless clearly sets forth his arguments in opposition to Defendants' motion and was properly supported by citations to the evidence in the record, and asserts that Magistrate Judge Stewart improperly "disregard[ed] plaintiffs [sic] sworn statements," including his affidavit. (Dkt. No. 138, at 3). Magistrate Judge Stewart noted that Plaintiff's response was "inconsistent" with Local Rule 7.1(a)(3), (Dkt. No. 134, at 3 n.2), but nonetheless considered Plaintiff's arguments as well as Plaintiff's Second Amended Complaint, and deposition testimony. (Dkt. No. 134, at 2–9) (referring to the factual assertions in the Second Amended Complaint, Plaintiff's deposition, and Plaintiff's arguments). The Court has recounted the sworn statements in Plaintiff's affidavit, *supra*, but concludes, for the reasons that follow, that they fail to raise a material issue of fact.

The Court has reviewed all of Plaintiff's specific factual objections de novo.[2] Based upon the evidence in the record, the Court credits the following objections and finds as follows: Defendant Mandalaywala was, as Plaintiff asserts, Plaintiff's primary care physician and decision-maker during his confinement at Upstate. (Dkt. No. 138, at 5–8; Dkt. No. 124-5).

---

[2] Plaintiff also objects to Magistrate Judge Stewart's failure to bind Defendant Smith to her "Rule 36 F.R.C.P. Admissions." (Dkt. No. 138, at 12; Dkt. No. 124-5, 22–40). This appears to refer to a Decision and Order issued by Magistrate Judge Stewart on April 12, 2017 concerning a discovery issue. (Dkt. No. 104). In it, Magistrate Judge Stewart granted Defendant Smith's motion to withdraw her admissions to Plaintiff's notices to admit. (Dkt. No. 104, at 40). Plaintiff did not appeal that Order, and here is no indication that Magistrate Judge Stewart overlooked any of Defendant Smith's remaining admissions.

Defendant Mandalaywala was aware of and discontinued Plaintiff's prescription for Baclofen. (Dkt. No. 138, at 8; Dkt. No. 124-4, at 11, 17).

The Court rejects Plaintiff's assertion that Magistrate Judge Stewart incorporated the Declaration of Valerie Monroe into the R & R. (Dkt. No. 138, at 26). Magistrate Judge Stewart specifically excluded the Monroe Declaration at Plaintiff's request. (Dkt. No. 134 n.3).

After considering the remainder of Plaintiff's factual and procedural objections, the Court has found them to be unsupported or immaterial to the legal issues pending before the Court. With the minor exceptions set forth above, and any additions contained in Section II., the Court therefore adopts and incorporates into this decision the thorough recitation of facts set forth in the Report-Recommendation.

    **B.**    **Objections to Legal Analysis**

Plaintiff asserts that Defendants Dr. Mandalaywala and Nurse Administrator Smith failed to give him Baclofen, despite an existing prescription, thus causing him extreme pain. To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The standard for deliberate indifference includes an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

"The objective component requires that 'the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'" *Id*. (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Subjectively, the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "That is, the official must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (alteration in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

It is well established that "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Id.* at 123. For this reason, "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). The "essential test is one of medical necessity and not one simply of desirability." *Id.* (quoting *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986)).

Plaintiff avers that Dr. Mandalaywala and Nurse Administrator Smith refused to provide him with Baclofen, despite having a prescription for it from another facility, that the non-prescription medication they provided was ineffective, and that, as a result, he suffered extreme pain. Courts have repeatedly rejected medical indifference claims based upon a failure to provide stronger pain medication. *See*, *e.g.*, *Rush v. Fischer*, 09 Civ. 9918, 2011 WL 6747392, at *3, 2011 U.S. Dist. LEXIS 148080, at *8 (S.D.N.Y. Dec. 23, 2011) ("The decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs."); *Harris v. Westchester Cty Med. Ctr.*, No. 08 Civ. 1128 (RJH), 2011 WL 2637429, at *3, 2011 U.S. Dist. LEXIS 72566, *9 (S.D.N.Y. July 6, 2011) ("The failure to provide stronger pain medication does not constitute deliberate indifference."); *Wright v. Genovese*, 694 F.Supp.2d 137, 160 (N.D.N.Y. 2010) ("Differences in opinions between a doctor and an inmate patient as to the appropriate pain medication clearly do not support a claim that the doctor was deliberately indifferent to the inmate's 'serious' medical

needs."); *Veloz v. New York*, 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004) ("Differences in opinion by a doctor and a prisoner over the appropriate medication to be prescribed is a disagreement over a treatment plan and does not implicate the Eighth Amendment").

Here, Plaintiff fails to raise a question of fact indicating that Dr. Mandalaywala knew that his prescribed course of treatment—physical therapy and non-prescription pain medication—was medically inadequate, or that he had in improper motive in not continuing Plaintiff's Baclofen prescription. That Dr. Mandalaywala differed with the Sing Sing medical providers as to the proper course of treatment for Plaintiff is not evidence of deliberate indifference. "Physicians can and do differ as to their determination of the appropriate treatment for a particular patient; that difference in opinion does not satisfy the requirements for a constitutional claim of deliberate indifference." *Cole v. Goord*, No. 04 CIV. 8906GEL, 2009 WL 1181295, at *8 n.9, 2009 U.S. Dist. LEXIS 37088, at *23 n.9 (S.D.N.Y. Apr. 30, 2009), *aff'd*, 379 F. App'x 28 (2d Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 (1976)).

Nor does the evidence before the Court raise a question of fact as to whether Nurse Administrator Smith acted with a sufficiently culpable mind in refusing to provide Baclofen or in failing to "refer[] the matter" to Dr. Mandalaywala. (Dkt. No. 138, at 18–19). Even crediting Plaintiff's assertion that on February 24, 2013, in response to his complaints of extreme pain, spasms, and paresthesia and request for Baclofen, Nurse Administrator Smith told him that he did not "need" Baclofen, she would not give him "any relaxants" and that he "should've thought about [his] pain, before [he] did what [he] did, to come to the Box," (Dkt. No. 124-2, at 12; Dkt. No. 73, ¶ 82), no reasonable fact finder could conclude that she was deliberately indifferent to Plaintiff's medical needs on the basis that she failed to procure Plaintiff's preferred medication. Indeed, even under Plaintiff's version of the facts, subjectively, Nurse Administrator Smith,

relying on the course of treatment Dr. Mandalaywala had recommended,[3] did not believe that Plaintiff needed a muscle relaxant.  *See Veloz*, 339 F.Supp.2d at 525 (finding medical providers' decision not to prescribe stronger pain medication than Tylenol to address prisoner's back condition did not state a claim for deliberate indifference, explaining that "[t]he Eighth Amendment is not implicated by prisoners' complaints over the adequacy of the care they received when those claims amount to disagreement over the appropriateness of a particular prescription plan."); *Hill*, 657 F.3d at 123 ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking.").  The Court has considered Plaintiff's remaining objections and finds them without merit.  Accordingly, the Court concludes that there are no material issues of fact requiring trial and that Defendants are entitled to summary judgment.

## V.   CONCLUSION

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 134) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 115) is **GRANTED** and this action is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

---

[3] Nurse Administrator Smith states that she did not "examine or treat Plaintiff while he was housed at Upstate." (Dkt. No. 115-12, ¶ 26).  In her declaration, she avers that when she received Plaintiff's February 11, 2013 letter concerning a prescription for Baclofen, she, as was her practice when receiving an inmate letter, would have requested "that the nurse caring for the inmate . . . provide pertinent information, so that [she can respond] to the inmate."  (*Id*., at  ¶ 27).  In her declaration, Nurse Administrator Smith outlines Plaintiff's medical records, including his complaint of "LBP [lower back pain] chronic," the recommendation for physical therapy, and Dr. Mandalaywala's determination not to issue any "new orders," or prescription medication, (*id*. at ¶¶ 38–39), and states that she based her response to Plaintiff's letter—denying his request for Baclofen—on the information in his medical records.  (*Id*. at ¶ 42).  Further, although Nurse Administrator Smith states she has "no memory of having ever personally spoken with plaintiff," (*id*. at ¶ 58), assuming, as Plaintiff asserts, that they spoke on February 24, 2013, she would have been aware of his medical record, and that his current treatment plan did not contain a prescription for a muscle relaxant.

9

**ORDERED** that the Clerk serve this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 16, 2018

Brenda K. Sannes
U.S. District Judge